IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VERNON S. BAVILLA,<br><br>    Petitioner,<br><br>  v.<br><br>JASON HAMILTON,<br><br>Superintendent, Palmer Correctional Center,<br><br>    Respondent. | Case No. 3:22-cv-00286-SLG |

## **ORDER OF DISMISSAL**

On December 23, 2022, Vernon S. Bavilla, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] Mr. Bavilla also filed a Prisoner's Application to Waive Prepayment of the Filing Fee, a Financial Affidavit, a Motion for Appointment of Counsel, and Motion for Waiver of Exhaustion Requirement for Petitioner to Pursue 28 U.S.C. § 2254, along with a Notice and Memorandum.[2]

The Court takes judicial notice[3] of Mr. Bavilla's underlying criminal conviction in *State of Alaska v. Bavilla, Vernon*, Case No. 4BE-07-01473CR, and his post-

---

[1] Docket 1.

[2] Dockets 2–7.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R.

conviction proceeding, *In the Matter of Bavilla, Vernon v. State of Alaska*, Case No. 4BE-13-00274CI.

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[4] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[5] Upon screening, it plainly appears that Mr. Bavilla is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

Petitions filed under 28 U.S.C. § 2254 must meet strict procedural requirements. A prisoner that is in custody based on a state court conviction cannot maintain a Section 2254 action until he has first exhausted his state court remedies.[6] Exhaustion of state remedies requires a petitioner to fairly present each federal claim to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[7] To satisfy the "fairly present" requirement, a petitioner must present each federal claim

---

Evid. 201.

[4] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[5] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[6] 28 U.S.C. § 2254(b)(1).

[7] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 2 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 2 of 9

to "each appropriate court (including a state supreme court with powers of discretionary review)" so that each court is alerted to the federal nature of the claim.[8]

In Alaska, this means that each federal claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be then raised in a petition for hearing to the Alaska Supreme Court.[9] This same process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[10]

In May 2013, Mr. Bavilla filed an application for post-conviction relief with the Superior Court in Bethel. On August 13, 2015, the Superior Court dismissed the case. Mr. Bavilla then appealed to the Alaska Court of Appeals at Case No. A-12369.[11] The Court of Appeals reversed the Superior Court's dismissal and remanded Mr. Bavilla's case.[12] The public record shows that the Bethel Superior

---

[8] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

[9] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[10] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[11] *See* https://records.courts.alaska.gov.

[12] Docket 1-1 at 6.

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 3 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 3 of 9

Court has held numerous hearings since January 2019; the most recent status hearing was held on February 23, 2023.[13]

In this Petition, Mr. Bavilla acknowledges that his post-conviction relief claims have not been fully exhausted in the state courts. Instead, he asks for this Court to waive the exhaustion requirement. He asserts that he falls under an exception to the exhaustion requirements due to "inordinate delay." Specifically, Mr. Bavilla states that his case is an exception because it has been more than nine years since his initial post-conviction relief application in 2013, his case has been "stuck in limbi" at the Bethel Superior Court, and he is "getting no-where."[14]

As noted by Mr. Bavilla, Section 2254(b)(1)(B) provides an exception to the exhaustion requirement when there is (i) an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.[15] In the Ninth Circuit, courts look to four factors in determining whether the state's delay in adjudicating a petitioner's claims satisfies either of the § 2254(b)(1)(B) or violates due process: 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) prejudice to the defendant.[16]

---

[13] *See* https://records.courts.alaska.gov.

[14] Dockets 5, 6, 7.

[15] 28 U.S.C. § 2254(b)(1)(B)(i), (ii).

[16] *Coe v. Thurman,* 922 F.2d 528, 530–31 (9th Cir. 1990) (holding that excessive delay, denying due process, may excuse exhaustion).

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 4 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 4 of 9

Mr. Bavilla provides several case citations in his filings with the Court.[17] While these cases do show the rare situations where an exception to the exhaustion requirement is warranted, the facts and evidence in Mr. Bavilla's case are not sufficient to dispense with the exhaustion rule.[18]

First, Mr. Bavilla asserts that he has suffered a nearly 10-year delay in the state courts regarding his application for post-conviction relief. He initiated his application for post-conviction relief alleging ineffective assistance of counsel in June 2013 and appealed to the Alaska State Court of Appeals in November 2015. The Court of Appeals decision reversing and remanding the Superior Court's 2015

---

[17] *E.g., Hankins v. Fulcomer,* 941 F.2d 246 (3rd Cir. 1991) (the Circuit Court excused exhaustion of state remedies based on inordinate delay of nearly 11 years in deciding Hankins's motion for withdrawal of guilty plea); *Brooks v. Jones,* 875 F.2d 30, 31–32 (2nd Cir. 1989) (excused exhaustion when petitioner waited eight years for the appeal of his state criminal convictions to be heard); *Doggett v. U.S..* 505 U.S. 647 (1992) (an interval of eight-and-one-half years between defendant's indictment and his arrest clearly triggered speedy trial inquiry); *Rose v. Lundy,* 455 U.S. 509, 515–16 (1982) (a federal district court must dismiss a state prisoner's habeas corpus petition containing both unexhausted and exhausted claims); *Brennan v. McGraw,* Case No. 2:12-cv-01306, 2012 WL 3656487 (S.D. W. Virginia August 24, 2012) (three year delay between final order and filing of federal petition is not inordinate delay); *Turner v. Bagley,* 401 F.3d 718, 726–27 (6th Cir. 2005) (the Circuit granted Turner's petition because "the ineffective assistance rendered by Turner's attorneys in state court deprived him of an opportunity to pursue a meaningful direct appeal from his conviction."); *Lee v. Stickman,* 357 F.3d 338, 41–42 (3rd Cir. 2004) (reversed and remanded to district court to consider Lee's petition on its merits after eight years in state courts with no resolution); *Mathis v. Hood,* 851 F.2d 612, 614 (2nd Cir. 1988) (state's delay of over five and one-half years in deciding appeal from robbery conviction was denial of due process); *Gardner v. Plumley,* Case No. 2:12-cv-03386, 2013 WL 5999041 (S.D. W. Virginia Nov. 12, 2013) (not required to exhaust state remedies for petition pending nearly 20 years without a decision from the state court).

[18] *Rose v. Lundy,* 455 U.S. 509, 519 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.").

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 5 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 5 of 9

dismissal was issued on November 7, 2018. The most recent status hearing before the Superior Court was held on February 23, 2023.[19]

Much of the delay in the state trial court proceedings after remand by the Court of Appeals appears to be attributable to Mr. Bavilla's own actions. The public record shows that in January 2019, Mr. Bavilla was represented by public defender David Seid before the Superior Court in Bethel. Plaintiff's attorney provided monthly status reports from March 2019 through August 2019. In October 2019, the court granted Mr. Bavilla's motion to withdraw public defender Seid as counsel. In October 2019 and January 2020, Mr. Bavilla filed self-represented motions to compel discovery and for "an appointment of conflict free attorney." In May 2020, Megan Rowe entered an appearance on behalf of Mr. Bavilla. From May 2020 through March 31, 2022, Mr. Bavilla and his counsel both filed motions with the Bethel Superior Court. On March 31, 2022, the court held a representation hearing and ruled that Mr. Bavilla could represent himself and attorney Rowe withdrew as counsel.[20] No further filings occurred in the case until November 22, 2022, when the Superior Court accorded Mr. Bavilla until January 3, 2023 to file an amended application for post-conviction relief. Mr. Bavilla then filed an amended brief on December 7, 2022, along with a motion for DNA testing, which is presently ripe for

---

[19] *See* https://records.courts.alaska.gov.

[20] *See* https://records.courts.alaska.gov.

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 6 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 6 of 9

determination by the state trial court.[21] In sum, Mr. Bavilla has not demonstrated that it is likely the Beth Superior Court will fail to reach the merits of his post-conviction relief petition.

Finally, Mr. Bavilla has not demonstrated prejudice arising from any state court delay in considering his application. Courts in the Ninth Circuit generally consider three factors when determining prejudice from delay in post-conviction relief: (1) oppressive incarceration pending appeal, (2) anxiety and concern of the accused awaiting the outcome of the appeal, and (3) the possibility that grounds for appeal or defense upon any retrial will be impaired.[22] Here, Mr. Bavilla has not shown that the oppressiveness of his incarceration or any anxiety awaiting the outcome of his state habeas petition exceeds that of any other habeas petitioner awaiting adjudication in state court. And, even if colorable, Mr. Bavilla's state claims have yet to be found meritorious by a state court.[23] Therefore, it plainly

---

[21] Docket 1-2 (Notice of Intent).

[22] *Coe,* 922 F. 2d 532; *United States v. Antoine,* 906 F.2d 1379, 1383 (9th Cir. 1990) (remand to district court to determine whether, under *Coe,* Petitioner has shown prejudice by particularized anxiety or impairment of his case).

[23] The Memorandum Opinion by the Court of Appeals remanded Mr. Bavilla's post-conviction relief case back to the Bethel Superior Court for further proceedings because Mr. Bavilla's court-appointed attorney's certificate of no merit was found procedurally defective in several ways. Court of Appeals Case No. A-12369, Docket 1-1.

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 7 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 7 of 9

appears that Mr. Bavilla is not entitled to habeas relief pursuant to Section 2254 and his Petition must be dismissed.

## OTHER MOTIONS

At Dockets 5, 6, and 7, Mr. Bavilla filed a Motion for Waiver of Exhaustion Requirement for Petitioner to Pursue 28 U.S.C. 2254, a Notice of Motion for Waiver of Exhaustion Requirement for Petitioner to Pursue 28 U.S.C. 2254, and a Memorandum re Motion for Waiver of Exhaustion Requirement for Petitioner to Pursue 28 U.S.C. 2254. Because the Court is denying Mr. Bavilla's request to waive the exhaustion requirement and dismissing his Petition, the Court must also deny Mr. Bavilla's motion at Docket 5. As explained above, Mr. Bavilla may have an opportunity to litigate his claims in federal court, but only after full state court exhaustion. Accordingly, the motion at Docket 5 and the accompanying Notice and Memorandum at Dockets 6 and 7 are also DENIED.

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**, due to Mr. Bavilla's failure to exhaust his state court remedies.
2. The motion at Docket 5 is **DENIED.**
3. All other pending motions are **DENIED AS MOOT**.
4. A Certificate of Appealability shall not issue.[24]

---

[24] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 8 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 8 of 9

5. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 6th day of March, 2023, at Anchorage, Alaska.

                                        */s/ Sharon L. Gleason*
                                        UNITED STATES DISTRICT JUDGE

---

presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00286-SLG, *Bavilla v. Hamilton*
Order of Dismissal
Page 9 of 9
Case 3:22-cv-00286-SLG   Document 8   Filed 03/06/23   Page 9 of 9